WILLIAM T. DAVIS

v.

STEPHEN GOSSNELL et al.

*Filed at Mt. Vernon January 22, 1885.*

1.  TAX TITLE—*notice to owner before taking deed.* The law makes it a prerequisite to the validity of a tax deed, when sought to be relied on as evidence of title, that an affidavit shall be made of the service upon the occupant of the land, of notice of the sale, and when the time of redemption will expire.

2.  SAME—*sufficiency of affidavit to authorize a tax deed.* The constitution requires the service of notice of a tax sale and when the time of redemption will expire, upon the occupant of the land, to be a personal service, and the statute requires the affidavit of service to state particularly the facts relied on as a compliance with the constitution. A failure to state the mode of service and the facts relied on as showing a service, is a fatal defect, and renders a tax deed made under it invalid.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. M. BROWNING, Judge, presiding.

Mr. W. W. CLEMENS, for the plaintiff in error:

Formal criticisms not affecting the substantial rights of the tax-payers, are measurably ignored. *Buck* v. *People,* 78 Ill. 562; *Beers* v. *People,* 83 id. 492; *Purrington* v. *People,* 79 id. 13; *Thatcher* v. *People,* id. 601; *Fisher* v. *People,* 84 id. 495; *Chiniquy* v. *People,* 78 id. 573.

The uncertain description in the deed as to one piece of the land is made good by parol evidence. *Law* v. *People,* 80 Ill. 269; *Fowler* v. *People,* 93 id. 117; *Colcord* v. *Alexander,* 67 id. 583; 3 Washburn on Real Prop. 407; *Law* v. *People,* 84 Ill. 142.

Mr. A. D. DUFF, for the defendants in error:

The notice of the tax purchase served on Gossnell, offered in evidence, is insufficient, under section 5, article 9, of the constitution, and section 216, chapter 120, of the Revised

Statutes, amended in 1879. This notice is to Gossnell alone, and the words, "and all others interested," added after his name, are merely surplusage. If the parties interested are known, they must be named in the notice. If not known, they should be notified as "unknown owners."

The affidavit of Holland, required by section 217, is not in compliance with the law. Section 216 required him, if the owner or party interested in said land was not known to him, then to make diligent inquiry for them,—and this is one of the essential facts that should appear in this affidavit. Yet there is not a word in it showing that he ever made any inquiry as to the owner or parties interested in the land. It is stated in this affidavit that Moulton & Co. could not be found in the county, after diligent inquiry, but it is not shown that such inquiry was made as to the owners and parties interested.

The affidavit of Holland is wholly defective, in not showing how it was served. No court can determine whether this notice was served by sending it through the mail, by newspaper, by leaving a copy, or otherwise. The service upon the occupant must be personal service. This is not an open question in this court. *Price* v. *England*, 109 Ill. 395, seems to be decisive of this question. There was some attempt made, on the trial below, to show some additional fact connected with this notice, by the parol evidence of the occupant defendant. But I insist that these tax deeds being, under the constitution and law, based on the affidavit, they must stand or fall by the affidavit as it appears upon its face,—that no evidence can be heard either to contradict, bolster up or explain its contents. *Klokke* v. *Stanley*, 109 Ill. 192.

Per CURIAM: The plaintiff's claim of title is under a tax deed. The law makes it a prerequisite of such a deed that an affidavit should have been made of the service upon the occupant of the land sold for taxes, of notice of the sale, and when the time of redemption will expire. The affidavit in

this case states merely that the affiant did serve a partly written and partly printed notice of the purchase on the occupant, without stating the manner of the service. The constitution requires the service to be personal service. The statute requires that the affidavit shall state particularly the facts relied on as compliance with the condition of service of notice. It is a fatal defect in the affidavit, and consequently to the validity of the tax deed, that the affidavit fails to show the mode of service,—does not state particularly the facts relied on as constituting service, so that the court may see that the service was such as is required by law. This precise point was so adjudged in *Price* v. *England,* 109 Ill. 395, and the decision in that case must control here.

The judgment for defendants must be affirmed.

*Judgment affirmed.*